Manly, J.
The facts, as they appear upon the record returned into this Court, are. that the petitioner,' in tha beginning, furnished' a substitute under the act oí April, 1862. After the passage of the act of the 5th January, 1864, declaring persons no longer exempt by reason of having furnished substitutes, ha. became again liable to military service. He was not, however, enrolled or ordered into camp until the 3rd of May, 1864. In the meanwhile, he had made an engagement with the editor of a long established paper in the city of Raleigh, and actually entered into his service on the 2nd day of May, 1864. The editor has made a certificaté, under oath, that *138 petitioner is a necessary .employee in his office, as pre- • scribed by the act of 17th February.
The question.is, whether he be exempt.
The, difficulty seems to arise from "what we consider á misapprehension of the true and proper effect of the act of 17th Feb.,. 1864,-chap. 65.
• Although in respect to age it fixes the “ status ” of every citizen at its passage, asTiable or not liable to serve for the war, as they might be within or without the ages prescribed, yet it is not per sean enrolment, or mustering into service, so as to withdraw men from their'pursuits, and deprive them of the liberty of engaging in or changing them at pleasure, although these pursuits might operate as an exemption from military duty.
We can perceive nothing in the policy or language of this law, to prevent a citizen after its enactment, though subject under- it to military duty, from accepting an office; or from engaging in any occupation 'which interest or inclination might suggest; provided it were done before he. was actually called into service by enrollment. Up to that time, the State had a right to the service of its citizens, and they had a personal liberty to engage in whatsoever business they might think proper. We are citizens of .the State, and also of the Confederate States. We owe duties to each ; and if these duties are inconsistent, both cannot be performed. There is no principle by which such a conflict can be settled, but that of the maxim, prior est in tempore, potior est injureIf one government ha3 appropriated a person to its service, by inducting him, in the way known to the law, into a place of duty, the other must yield its claim. The-language of the act is, “ from and after the passage of this act, all white men, residents of the Confederate States, between the ages of 17 and 50, *139 shall be in the military service of the Confederate States, for the war.” The terms are admitted to be comprehensive ; but they must, we think, be interpreted in the modified sense of declaring simply, all persons within the ages, to be subject to duty when called on. Such, seems to be the sense in which the government itself has understood them ; for it has put into action the official machín-' ery necessary for actually enrolling and bringing into camp ; and has not regarded the men as subject to military law, until' so brought in..
We make no question, because it seems to us plain that the exemption granted by the act to necessary employees in newspaper establishments, was intended to apply, not only to such as were employed at the time of the passage of the act, but to such as might be introduced in their stead, or become neeessary from time to time in the development of the business.
It will then be seen that, liable, under the act of Congress, to be called at any time into active service, yet, inasmuch as he was not so called and ordered into camp until after he had' become an employee in the publication of the newspaper, certified to be necessary, he is exempt by virtue of the same act of Hth of February. There is but a narrow , space of time between the employment and the enrolment. ' It is, nevertheless, sufficient to mark his case, and to distinguish it from a case of liability to enrolment, and consequent liability to duty. although the petitioner was
The judgment at chambers is affirmed, and the prisoner .discharged ; the costs to be paid bv the officer, Scott.